The Law Offices of Jacob Aronauer
225 Broadway, 3rd Floor
New York, New York 10007
(212) 323-6980
jaronauer@aronauerlaw.com

August 1, 2023

**Via ECF**
Hon. Rachel P. Kovner
United States District Court of New York
Eastern District of New York
Brooklyn, NY 11201

      Re:    *Noj Sol v. Lucharitos Center Moriches, INC. et al*.
            Civil Action No. 23-cv-02024 (RPK) (ARL)

Dear Judge Kovner:

     This letter is respectfully submitted on behalf of all parties in the above-captioned matter, seeking the Court's approval of the settlement reached between the parties, per the Second Circuit's decision in *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d Cir. 2015), as Plaintiff's claims arise under the Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL"). \

     The parties have memorialized and executed a settlement agreement, in exchange for a payment by Defendants Lucharitos Center Moriches, Inc. d/b/a Lucharitos, Lucharitos Burrito Bar, Inc. and Marc LaMaina (collectively, "Defendants, to Plaintiff Maria Noj Sol ("Plaintiff" or "Noj Sol"), in the amount of $15,900 in satisfaction for all FLSA and NYLL claims raised in this action (and in accordance with the terms of the settlement agreement)[1]. Pursuant to the terms of the settlement agreement, Plaintiff will receive $10,600.00 and Plaintiff's counsel will retain $5,300.00.

     A copy of the executed settlement agreement is annexed as Exhibit A.

### *Claims and Defenses*

     It is submitted that there are factual and legal disputes between the parties which could ultimately impact each party's ability to prevail if this case proceeded to dispositive motion practice or to trial.

---

[1] As noted in the complaint, Plaintiff alleges that she was unlawfully terminated and has filed a complaint with the EEOC, which the parties are resolving in a separate confidential settlement agreement. That agreement requires, per New York General Obligations Law Section 5-336, that Plaintiff be provided with 21 days in which to consider whether to enter into the agreement and then a 7-day revocation period. These time frames cannot be waived or shortened by the parties. **We therefore request that the settlement agreement in this case not be approved until after the 28-days described herein have concluded on August 23, 2023.**

**Plaintiff's Position**

Plaintiff commenced this action seeking unpaid overtime wages pursuant to the FLSA and NYLL, as well as damages for alleged wage notice and wage statement violations. Plaintiff worked for Defendants from approximately July 2022 until January 2023 as a cook.

Plaintiff alleges that for all of her employment, she was not paid the appropriate statutory overtime rate by Defendants. Plaintiff also alleges that she was not provided with a wage hire notice nor correct wage statements as required under § 195(1) and § 195(3) of The Wage Theft Prevention Act ("WTPA").

A spreadsheet setting forth Plaintiff's damages is annexed as Exhibit B. As reflected in the damage calculations, Plaintiff believes she is owed approximately $8,700 in unpaid overtime wages (not inclusive of liquidated damages), and $10,000 in wage notice violations.

**Defendants' Position**

Defendant Jennifer LaMaina is not an owner, officer or employee of any of the Corporate Defendants and was incorrectly named as a Defendant. Defendants (except for Defendant Jennifer LaMaina) contend that Plaintiff was provided with a wage hire notice (and signed for same) and proper pay stubs and payments, and that that they would prevail were this matter to be tried; however, they recognize that the cost and risks of litigation far exceed the amount in controversy and have agreed to resolve this matter without admitting liability so that they may focus on the operation of their businesses.

### *The Settlement Terms*

Pursuant to the Settlement Agreement, the parties have agreed to the following break-down as to payment of the total $15,900 settlement amount:

• Plaintiff: $10,600.00
• Attorneys' fees: $5,300.00

Defendants will issue payment in three installments, the first payment of $7,500 due within 7 days after Court approval, the second payment of $5,000 due within 60 days after Court approval, and the third payment of $3,400 due within 90 days after Court approval.

The parties believe this settlement to be a fair resolution to this litigation, due to the disputes about the value of Plaintiff's claims.

### *The Settlement Should be Approved*

The standard for approval of FLSA settlement is well-established in the Second Circuit. As stated by the court in *Serebryakov v. Golden Touch Transp. of NY. Inc.*, No. 12-3990 (NGG)(RER), 2013 WL 3364393, at *2 (E.D.N.Y. 2013), "[i]n the absence of a

certified class, a district court typically considers the following factors to determine whether a settlement of individual FLSA claims is reasonable: (1) the complexity, expense, and likely duration of litigation; (2) the stage of the proceedings and the amount of discovery completed; (3) the risks of establishing liability; (4) the risks of establishing damages; (5) the ability of defendants to withstand a larger judgment; and (6) the range of reasonableness in light of the best possible recovery and all the risks of litigation." *Id.* at *2 (citations omitted); *see also Diaz v. Scores Holding Co.*, No. 07-8718 (THK), 2011 WL 6399468, at *2 (S.D.N.Y. 2011) ("Courts approve FLSA settlements when they are reached because of contested litigation to resolve bona fide disputes…Typically, courts regard the adversarial nature of a litigated FLSA case to be an adequate indicator of the fairness of the settlement. If the proposed settlement reflects a reasonable compromise over contested issues, courts will approve the settlement.") (citations omitted).

Based on the bona fide disputes as to the value and viability of Plaintiff's claims, as well as the inherent risks of trial, the parties respectfully submit that the Settlement Agreement represents a fair and reasonable settlement of Plaintiff's claims in this action.

As set forth above, while Plaintiff believes she would prevail on her claims, she acknowledges that she faces significant risk in establishing liability and damages should this case proceed. Plaintiff is cognizant of the risks and uncertainty of protracted litigation, motion practice, potential appeals, and other factors that might affect her ability to recover on any of the claims asserted in this action. Plaintiff took a cautious approach to settlement negotiations with the philosophy that "half a loaf is better than no loaf."

It is respectfully submitted that approval of this settlement is warranted because it is the product of arms-length negotiations between parties represented by knowledgeable and experienced counsel who focus their respective practices on wage and hour litigation. *Wolinsky v. Scholastic, Inc.*, 900 F.Supp.2d 322 (S.D.N.Y. 2012). In negotiations, the parties shared their respective views on the validity and potential value of the claims, and ultimately reached a deal that both sides felt, given the risks associated with protracted litigation, was a fair compromise. Settlement at this stage of the case for this amount unquestionably constitutes the most efficient and effective conclusion to this litigation for all parties.

Plaintiff's counsel represents clients (the present plaintiff included) on a contingency-fee basis, calculated during this case at 33.33% percent after reimbursement of expenses. This was the rate agreed upon by Plaintiff and counsel at the outset via a retainer agreement (at the Court's request we can provide the retainer agreement). To date, Plaintiff's counsel bore all costs of litigation without compensation of any kind as her fee has been wholly contingent upon the result achieved. Plaintiff's counsel is not seeking to be reimbursed for expenses. These expenses included $402 for filing fee and over $240 in service costs between the individual Defendants and the several corporate Defendants. This enabled Plaintiff to receive at least an additional $640.00.

Thus, the amount Plaintiff's counsel is seeking is in line with the standard 30% to 33.33% after reimbursement in FLSA cases. *See Santos v EL Tepeyac Butcher Shop, Inc.*, 2015 WL 90712, at * 4 (S.D.N.Y. Dec. 15, 2015). Courts in this circuit have also held that one-third contingency fee satisfies the broad remedial purposes of the FLSA and the

3

NYLL. *See Khait v. Whirpool Corp.*, No. 06-6381 (ALC), 2010 WL 2025106 (E.D.N.Y. 2010). Accordingly, it is submitted that the attorneys' fees are fair and reasonable.

Plaintiff's attorneys' time and labor warrants the requested fee. Plaintiff's counsel (1) met with Plaintiff to learn relevant facts; (2) drafted and filed the Complaint; (3) regularly communicated with Plaintiff to keep her updated regarding the progress of the case; (4) prepared damages' calculations; (5) negotiated settlement with Defendants' counsel; (6) drafted the settlement agreement; and (7) drafted the *Cheeks* approval letter. Most importantly, Plaintiff moved for conditional certification (dkt 19). Shortly thereafter, the parties reached a settlement in principle.

Admittedly the work discussed above is not unique or complex, but our office still spent the time necessary to obtain what we believe to be a strong result and did so prior to the start of discovery.

As set forth supra, Plaintiff faced a risk of loss based on disputed legal and factual issues. Moreover, Plaintiff's attorneys took this case pursuant to a retainer agreement with Plaintiff that stated that counsel would receive a percentage of the recovery only if Plaintiff obtained a recovery. Accordingly, Plaintiff's counsel faced a risk of receiving little or no payment for this work depending on the outcome of the underlying claims. Thus, the magnitude, complexities, and risks of the litigation weigh in favor of approving the requested fee.

Plaintiff's counsel has extensive experience representing employees in wage and hour actions. I deal almost exclusively in employment law in the field of the FLSA and NYLL. In 2005, I received my J.D. from Suffolk University Law School and in 2013, I formed The Law Offices of Jacob Aronauer. Prior to starting my own practice, I worked at New York law firms, as well as the New York City Mayor's Office of Labor Relations for over four years, where I represented New York agencies.

It is respectfully requested that the Court approve my firm's hourly rates of $445 for myself and $175 for paralegals. As the time sheets reflect, I am aware that it is the preference of the Courts that to the extent possible to have paralegals and associates perform legal work over more senior attorneys. *See Grottano v. City of New York*, 2022 U.S. Dist. LEXIS 125860, at * 23-23 (S.D.N.Y. July 15, 2022) (Judge Berman noting that "Class Counsel's 55% allocation of work to the most expensive attorneys supports a reduction of the proposed lodestar) (string cite omitted). Accordingly, I made a concerted effort to have paralegals perform the first draft of the work performed in this action.

As a result of the labor required in this matter as well as the EEOC complaint, the attorney fees are $4,77.20 (it is difficult to differentiate the time spent between the discrimination complaints and the unpaid hour complaints). Thus, the lodestar is 1.83. which is admittedly on the higher end when taking into consideration that it includes the discrimination claims. However, for the reasons discussed, it is respectfully submitted that the Court approve the proposed attorney fees. S*ee Vidal v. Draft House*, 2020 U.S. Dist. LEXIS 166533, at * 4-5 (S.D.N.Y. Sept. 11, 2020) *citing Sakikio Fujwara v. Sushi Yasuda, Ltd.*, 58 Supp.3d 424, 439 (S.D.N.Y. 2014) (noting that a "lodestar multiplier near 2 should, in most cases, be sufficient compensation for the risk associated with contingent fees in

4

FLSA cases."). I also request that the Court take into consideration that this office recognized a solid settlement offer and did not needlessly run up legal fees to increase the lodestar. I very well could have pushed the matter through conditional certification to obtain more legal fees. I also again ask that the Court take into consideration that I waived reimbursement of expenses. A copy of the time expended in this matter is annexed as Exhibit C.

Finally, the FLSA is a remedial statute designed to protect employees from unfair labor practices. 29 U.S.C. § 202(a). A fair attorneys' fee award that considers the services provided and the risks undertaken furthers these remedial purposes. For the reasons set forth about, we respectfully request that the Court approve the attorneys' fees and costs set forth in the settlement agreement.

### Conclusion

Considering the foregoing, the parties respectfully submit that the proposed settlement amount is fair and reasonable, and further, that the terms of the settlement agreement comport with the requirements under the FLSA and NYLL.

We thank the Court for its time and consideration.

Respectfully submitted,

By:    */s Jacob Aronauer*
Jacob Aronauer, Esq.

Attachments

cc: All Counsel (via ECF)

# EXHIBIT A

## SETTLEMENT AGREEMENT

This Agreement and Release ("Agreement") sets forth the mutual understanding among **MARIA NOJ SOL** (hereinafter referred to as "Plaintiff") and **LUCHARITOS CENTER MORICHES, INC. d/b/a LUCHARITOS, LUCHARITOS NATIONAL, LLC. d/b/a LUCHARITOS, LUCHARITOS BURRITO BAR, INC. d/b/a LUCHARITOS, LUCHARITOS MINEOLA LLC, d/b/a LUCHARITOS, JENNIFER LAMAINA, and MARC LAMAINA** (hereinafter collectively referred to as "Defendants"), regarding Plaintiff's employment and the settlement of any and all wage,-hour and notice-related claims that Plaintiff has or may have against them.

**WHEREAS,** Plaintiff has commenced an action against Defendants in the Eastern District of New York, United States District Court, bearing Docket No.: 23-CV-02024 alleging violations of the Federal Labor Standards Act and New York Labor Law ("Lawsuit"); and

**WHEREAS,** Defendant Jennifer LaMaina denies that she is an owner, officer or employee of any of the corporate Defendants; and

**WHEREAS,** Defendants deny that they failed to pay Plaintiff all wages owed to her or otherwise violated their legal obligations to her; and

**WHEREAS,** the parties represent that no other charges, actions, liabilities or claims against each other are pending on their behalf, other than the Complaint set forth above and a Charge before the United States Equal Employment Opportunity Commission ("EEOC") filed by plaintiff against Defendant Lucharitos Center Moriches, Inc. in Case No. 520-2023-02681 ("the EEOC Charge"); and

**WHEREAS,** Defendants deny any violation of law or any liability to Plaintiff; and

1

**WHEREAS,** Plaintiff affirmatively states and represents that, to date no other current or former workers of Defendants have expressed interest in opting into the proposed collective action; and

**WHEREAS,** Plaintiff and Defendants mutually desire to settle and resolve all disputes and differences among them, on the terms and conditions hereinafter set forth.

**NOW, THEREFORE,** in consideration of the mutual promises contained in this Agreement, Defendants and Plaintiff, having been represented by counsel, have independently concluded that it is in their respective best interests to do so, agree as follows:

1. **Payment**

In lieu of incurring further litigation costs associated with defending the action commenced against them by Plaintiff and in consideration for Plaintiff's execution of this Agreement, which includes a release of claims, Defendants agree to the following payment terms:

    a.    Defendants Marc LaMaina, Lucharitos Center Moriches, Inc. and Lucharitos Burrito Bar, Inc. will cause Plaintiff to be paid the gross sum of $15,900, inclusive of attorneys' fees and costs ("Settlement Funds"), of which $1,200 is for overtime payments and for which a W-2 will be issued (referred to as "the W-2 portions of the Settlement Funds") and the remaining $14,700 will be referred to as "the 1099 portions of the Settlement Funds", payable as follows:

        1.  Within seven days of Court approval of this Agreement, one check in the amount of $1,200, less applicable withholdings and deductions for the W-2 portions of the Settlement Funds paid to Plaintiff and one check in the amount of $6,300 to "Jacob Aronauer Esquire, Law Offices of Jacob Aronauer, as

2

Attorneys," of which Plaintiff's counsel will receive $2,500.00 and Plaintiff will receive $3,800;

2. Within 60 days of Court approval of this Agreement, one check in the amount of $5,000.00 to "Jacob Aronauer Esquire", of which Plaintiff's counsel will receive $1,666.66 and Plaintiff will receive $3,333.34; and

3. Within 90 days of Court approval of this Agreement, one check in the amount of $3,400 to "Jacob Aronauer Esquire", of which Plaintiff's counsel will then divide as follows: $2,266.66 to Plaintiff and $1,133.34 to her counsel.

b.    The Settlement Funds will be mailed to The Law Office of Jacob Aronauer, 225 Broadway, 3rd Floor, New York, New York 10007.

c.    Concurrently with the execution of this Agreement, Defendant Marc LaMaina, individually and on behalf of Defendant Lucharitos Center Moriches, Inc. and Lucharitos Burrito Bar, Inc., will execute an Affidavit of Confession of Judgment attached hereto as Exhibit A. Upon Court approval of this Settlement Agreement, Defendants' counsel will provide Plaintiff's counsel with the executed Affidavit of Confession of Judgment. The Affidavit of Confession of Judgment will be held in escrow by Plaintiff's counsel. In the event Defendants Marc LaMaina, Lucharitos Center Moriches, Inc. and Lucharitos Burrito Bar, Inc. are in default of any of the payments they are required to make pursuant to this section, Plaintiff's counsel will provide notice to Defendants' counsel via email at snb@lambbarnosky.com with a copy to rkz@lambbarnosky.com, or any other email address(es) they may provide for this purpose, of Plaintiff's intent to file the Affidavit of Confession of Judgment made with the clerk of court of any court of competent jurisdiction for judgment to be entered. Defendants will have 10 days from the date written notice is received by Defendants' counsel to remedy the default before Plaintiff may file the Affidavit of Confession of

3

Judgment. If the default is timely remediated, then the Affidavit of Confession of Judgment will not be filed. If the default is not timely remediated, then Plaintiff will be permitted to file the Affidavit of Confession of Judgment plus receive reasonable attorney fees with respect to Plaintiff having to file the Affidavit of Confession of Judgment in the event of a breach. Upon Defendants' satisfaction of all of the payments required pursuant to this paragraph of this Agreement, the Affidavit of Confession of Judgment will be null and void, and Plaintiff's counsel will immediately return the Affidavit of Confession of Judgment to Defendants, retaining no copies. Defendants consent to jurisdiction of the Eastern District of New York, United States District Court, for purposes of filing and enforcing the Affidavit of Confession of Judgment and/or for any and all purposes relating to enforcement of this Agreement and/or any judgment entered in connection with this Agreement. Should the Defendants fail to make a timely payment, and then successfully cure the default within the cure period, the due date for the next installment is not extended by the previous payment's cure period.

2. **Exclusion from Payment Obligations**

Expressly excluded from any obligations to Plaintiff pursuant to paragraph 1 of this Agreement are Defendants Jennifer LaMaina, Lucharitos National, LLC and Lucharitos Mineola LLC.

3. **Release**

In consideration of the payments to be provided by or on behalf of Defendants as described in the Agreement Plaintiff, as of the date on which this Agreement is executed, for herself and her heirs, executors, administrators and respective successors and assigns, **HEREBY RELEASES, RELIEVES, WAIVES, RELINQUISHS, AND FOREVER DISCHARGES**, to the maximum extent permitted by law Defendants, and Defendants' subsidiaries, affiliates, divisions, successors

4

and assigns, owners, directors, officers, employees, and agents, and each of their respective successors and assigns ("Released Parties") of and from all or any manner of actions, causes and causes of action, suits, debts, obligations, damages, complaints, liabilities, losses, covenants, contracts, controversies, agreements, promises, and expenses (including attorneys' fees and costs), claims and demands whatsoever at law or in equity, known or unknown, discovered or undiscovered, which she had, now have, or hereafter can, will or may have against Defendants ("Claims"), arising during the period 2022 to the present and as alleged in the Complaint filed in this action, specifically under the Fair Labor Standards Act (the "FLSA") and New York Labor Law ("NYLL"), and its associated regulations concerning unpaid wages, record-keeping violations and failure to provide proper wage notice or wage statements, or based on or arising out of any acts, omissions, conduct, thing or matter (a) relating to or arising out of wages, hours, overtime, or wage deductions, (b) arising under or for alleged violations of the Fair Labor Standards Act and/or the New York Labor Law, (c) arising under any common law or otherwise only in regard to work hours, overtime and/or payment of wages. This release and waiver includes any claim for attorneys' fees, expenses and costs in connection with any of the Claims released hereby which Plaintiff ever had or now has against the Defendants.  This release is limited solely and only to claims that have arisen on, or prior to, the date the Agreement is executed and transmitted to counsel for Defendants, and it does not release or discharge any claims that may occur after that date. Plaintiff hereby specifically acknowledges that this Agreement, and the monies received by Plaintiff and referenced herein, are a fair and reasonable resolution of a bona fide dispute over alleged violations of the FLSA and NYLL. Plaintiff represents that she has no actions, causes and causes of action, suits, debts, obligations, damages, complaints, liabilities, losses, covenants, contracts, controversies, agreements, promises, and expenses (including attorneys' fees and costs),

claims and demands whatsoever at law or in equity, arising pursuant to the FLSA or NYLL against Defendants with any local, state or federal court of any governmental, administrative, investigative, civil rights or any other agency or board other than this pending Lawsuit and the EEOC Charge, provided that (1) the foregoing does not apply to any matters the disclosure of which is prohibited by law; and (2) the Court may modify or strike any of the foregoing if necessary to approve the settlement in this matter.

### 4.    **Attorneys' Fees**

Except as otherwise stated, the parties expressly agree to bear their own attorneys' fees, costs and disbursements incurred in this litigation and no party will be responsible or liable for the payment of any attorneys' fees for the other party.

### 5.    **Non-Admission**

Defendants deny each and every allegation of wrongdoing, including, but not limited to, the allegations and statements contained in the pleadings, proceeding, document or statement whatsoever by or on behalf of Plaintiff against Defendants.  This Agreement does not constitute an admission that Defendants have violated any law, committed any tort, breached or committed any wrongdoing whatsoever and Plaintiff expressly acknowledges that Defendants continue to deny any wrongdoing arising out of Plaintiff's employment and separation thereof.  Further, Defendants Jennifer LaMaina, Lucharitos National, LLC and Lucharitos Mineola LLC expressly deny any employment or other relationship with Plaintiff and Defendant Jennifer LaMaina further denies any employment, ownership or other relationship with the Corporate Defendants.

### 6.    **Acknowledgment**

Plaintiff acknowledges that she is receiving consideration pursuant to this Agreement that represents a fair settlement of her Claims.  Plaintiff and Defendants acknowledge that they were

6

represented by counsel of their own choosing throughout the negotiation and the execution of the Agreement. Plaintiff and Defendants further represent that they had sufficient opportunity to consider this Agreement; that they read this Agreement fully and carefully and understand its terms; and that they are signing it knowingly and voluntarily. The parties further represent and warrant that they believe this settlement is a fair and reasonable resolution of the lawsuit and that they have arrived at this settlement in arms-length negotiations, considering all relevant factors, present and potential.

### 7. **Oral Modifications Prohibited**

This Agreement represents the entire agreement among Plaintiff and Defendants with respect to Plaintiff's employment and/or purported employment with Defendants. This Agreement, including this paragraph, cannot be amended, supplemented, or modified nor may any provision be waived, except by a written instrument executed by the party against whom enforcement of any amendment, supplement, modification or waiver is sought.

### 8. **Enforcement of the Agreement**

This Agreement will be governed by the law of the State of New York, without regard to the choice-of-law or conflicts-of-law principles of any jurisdiction.

### 9. **Jurisdiction**

The parties respectfully request that this Court, the United States District Court for the Eastern District of New York, approve this Agreement and retain jurisdiction to enforce the terms of this settlement until full payment of the Settlement Funds outlined in Paragraph 1 is made in its entirety or in the event of a default of this Agreement by either party.

10.    **Effective Date**

This Agreement and Release will become effective immediately upon the latter of complete execution by the Parties and approval by this Court.

11.    **Counterparts**

This Agreement may be executed on multiple counterparts, each of which shall be considered an original, but all of which will constitute one Agreement.

12.    **Tax Indemnification**

Plaintiff is responsible for payment of her share of all taxes and other withholdings due as a result of the receipt of the Settlement Funds. Plaintiff understands and agrees no representations were made by or on behalf of Defendants regarding tax obligations or consequences that may arise from this Agreement.  Defendants makes no representations as to the taxability of the amounts paid to Plaintiff, except that withholdings and deductions will be made to the W-2 portions of the Settlement Funds.–Plaintiff agrees to pay federal or state taxes, if any, which are required by law to be paid by Plaintiff with respect to the Settlement Funds (i.e., the 1099 portions of the Settlement Funds). Defendants Lucharitos Center Moriches, Inc. and Lucharitos Burrito Bar, Inc. will pay federal or state taxes, that are required by law to be paid by Defendants with respect to the Settlement Funds (i.e., the W-2 portions of the Settlement Funds). Moreover, Plaintiff will indemnify and hold harmless Defendants from any interest, taxes, or penalties assessed against them by any governmental agency as a result of Plaintiff's non-payment of taxes on any amount paid to Plaintiff.

13.    **No Assignment.**

Plaintiff expressly represents, warrants and covenants that she has not assigned any of the Claims released hereinabove to any other person or entity.

14.    **Cooperation in Administrative Proceedings.**

Nothing in this Agreement is intended to, or will, interfere with Plaintiff's rights pursuant to federal, state, or local laws to communicate with agencies enforcing laws or to cooperate with any agency in its investigation. Plaintiff shall not, however, have any right or entitlement to any relief, recovery, or monies in connection with any Claim or proceeding brought on her behalf against the Released Parties, regardless of who filed or initiated any complaint, charge, or proceeding. The foregoing release also does not include any claim by Plaintiff solely to enforce the terms, conditions, and provisions of this Agreement or any claims arising after Plaintiff executes this Agreement. In signing this Agreement, Plaintiff acknowledges and intends that it will be effective as a bar to any and all Claims released herein. Plaintiff expressly consents that this release will be given full force and effect according to each and all of its express terms and provisions, including those relating to unknown and unsuspected claims. Plaintiff acknowledges and agrees that this release is an essential and material term of this Agreement and that, without this release, Defendants would not have agreed to the terms of this Agreement. Plaintiff further agrees that in the event that she, or any of her heirs, executors, administrators and respective successors and assigns, should bring a Claim against any of the Released Parties, or any Claim is brought on her behalf, this Agreement shall serve as a complete defense to those Claims to the maximum extent permitted by law.

15.    **Waiver.**

Except as provided in Paragraph 14 of this Agreement, if any Claim is not subject to release, to the extent permitted by law, Plaintiff waives any right or ability to be a class or collective action representative or to otherwise participate in any putative or certified class, collective or multi-party action or proceeding based on any claim in which Defendants or any other Released Party identified in this Agreement is a party. If, without prior knowledge and consent, the Plaintiff is made a member of a class in any proceeding, she will opt out at the first opportunity.

16.    **Liens.**

Plaintiff warrants that, as of the date of this Agreement, no conditional payments have been made by Medicare or Medicaid liens, whether now known or unknown, resulting from the payment of compensation or expenses for hospital or other care and treatment of Plaintiff injuries and damages, will be fully satisfied by Plaintiff from the Settlement Funds or otherwise, which is a material condition of this Agreement.

The Parties knowingly and voluntarily sign the Agreement as of the date(s) set forth below:

FOR DEFENDANTS:                           FOR PLAINTIFF:

LUCHARITOS CENTER MORICHES,
INC. d/b/a LUCHARITOS

By: _____

                                          _____
                                          MARIA NOJ SOL

                                          Dated: 07-31, 2023

LUCHARITOS NATIONAL, LLC.
d/b/a LUCHARITOS

By: _____

LUCHARITOS BURRITO BAR,
INC.,
d/b/a LUCHARITOS

By: _____

LUCHARITOS MINEOLA LLC
d/d/b/a LUCHARITOS

By: _____

_____
JENNIFER LAMAINA

_____
MARC LAMAINA

11

# Exhibit A

UNITED STATES DISTRICT COUTY
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X          Índex No.:
MARIA NOJ SOL,

                           Plaintiff,

    -against-

LUCHARITOS CENTER MORICHES, INC.,
and MARC LAMAINA

                         Defendants.
------------------------------------------------------------------------X

STATE OF NEW YORK    )
                          ) ss.
COUNTY OF SUFFOLK   )

    **MARC LAMAINA** being duly sworn, deposes and says:

1.    I am a Defendant in the above-entitled action.

2.    Marc LaMaina reside in Suffolk County, New York.

3.    Lucharitos Center Moriches, Inc.'s principal place of business is located in Suffolk County, New York.

4.    Lucharitos Burrito Bar, Inc.'s principal place of business is located in Suffolk County, New York.

5.    Lucharitos Center Moriches, Inc and Lucharitos Burrito Bar, Inc. are former employer of Maria Noj Sol, who made allegations that Defendants failed to properly pay wages and provide proper wage statements and notices to her during her employment.  I am a duly authorized officer of Lucharitos Center Moriches, Inc. and Lucharitos Burrito Bar, Inc.

6.    This confession of judgment is for a debt justly due to Plaintiff arising out of the following facts:  Plaintiff commenced the litigation pursuant to the Fair Labor

13

Standards Act and the New York Labor Law, asserting unpaid overtime and notice damages pursuant to the New York Labor Law and the Fair Labor Standards Act. The litigation was amicably resolved, by Defendants agreeing to pay a total of $15,900 over three installments.

7.     I hereby CONFESS JUDGMENT in this Court against myself, Lucharitos Center Moriches, Inc. and Lucharitos Burrito Bar, Inc., jointly and severally, in favor of Plaintiff Maria Noj Sol and her attorneys, The Law Offices of Jacob Aronauer, for any outstanding payments due of the total sum of $15,900 plus reasonable attorney fees with respect to Plaintiff having to file the affidavit of confession of judgment, minus any payments made, pursuant to the Settlement Agreement attached hereto as **Exhibit "A"**, together with statutory interest from the date of default for failure to pay in accordance with the attached Settlement Agreement (the "Agreement") and hereby authorize the Plaintiff or her heirs, executors, administrators, or assigns to enter judgment for that sum against them.

8.     This confession of judgment is not for the purpose of securing the Plaintiff against a contingent liability.

9.     This confession of judgment will be held in escrow by counsel for Plaintiff consistent with the terms of the Settlement Agreement, which is incorporated by reference herein.

10.     Notice will be provided to Defendants' counsel via email to snb@lambbarnosky.com or rkz@lambbarnosky.com or any other email address(es) they may provide for this purpose, at least three business days prior to filing this confession of judgment in any court.

14

11.   This confession may be entered against me, Lucharitos Center Moriches, Inc. and

Lucharitos Burrito Bar, Inc., in the Eastern District of New York, United States

District Court, or any other court of competent jurisdiction.


**MARC LAMAINA, individually and on behalf of Lucharitos Center Moriches, Inc. and Lucharitos Burrito Bar, Inc.**

Sworn to before me this
_____ day of ___ 2023


_____
Notary Public

15

# EXHIBIT B

## Noj Sol Damages Summary

| | |
|---|---|
| **Unpaid Overtime Wages** | $ 8,752.50 |
| **Liquidated Damages** | $ 8,752.50 |
| **Notice Damages** | $ 10,000.00 |
| **TOTAL:** | **$ 27,505.00** |

| WEEK ENDING | HOURS WORKED | HOURLY RATE | OVERTIME RATE | UNPAID OVERTIME WAGES | LIQUIDATED DAMAGES |
|---|---|---|---|---|---|
| 7/31/22 | 87.5 | $ 18.00 | $ 27.00 | $ 427.50 | $ 427.50 |
| 8/7/22 | 87.5 | $ 18.00 | $ 27.00 | $ 427.50 | $ 427.50 |
| 8/14/22 | 87.5 | $ 18.00 | $ 27.00 | $ 427.50 | $ 427.50 |
| 8/21/22 | 87.5 | $ 18.00 | $ 27.00 | $ 427.50 | $ 427.50 |
| 8/28/22 | 87.5 | $ 18.00 | $ 27.00 | $ 427.50 | $ 427.50 |
| 9/4/22 | 87.5 | $ 18.00 | $ 27.00 | $ 427.50 | $ 427.50 |
| 9/11/22 | 87.5 | $ 18.00 | $ 27.00 | $ 427.50 | $ 427.50 |
| 9/18/22 | 87.5 | $ 18.00 | $ 27.00 | $ 427.50 | $ 427.50 |
| 9/25/22 | 87.5 | $ 18.00 | $ 27.00 | $ 427.50 | $ 427.50 |
| 10/2/22 | 87.5 | $ 18.00 | $ 27.00 | $ 427.50 | $ 427.50 |
| 10/9/22 | 87.5 | $ 18.00 | $ 27.00 | $ 427.50 | $ 427.50 |
| 10/16/22 | 87.5 | $ 18.00 | $ 27.00 | $ 427.50 | $ 427.50 |
| 10/23/22 | 87.5 | $ 18.00 | $ 27.00 | $ 427.50 | $ 427.50 |
| 10/30/22 | 87.5 | $ 18.00 | $ 27.00 | $ 427.50 | $ 427.50 |
| 11/6/22 | 87.5 | $ 18.00 | $ 27.00 | $ 427.50 | $ 427.50 |
| 11/13/22 | 87.5 | $ 18.00 | $ 27.00 | $ 427.50 | $ 427.50 |
| 11/20/22 | 87.5 | $ 18.00 | $ 27.00 | $ 427.50 | $ 427.50 |
| 11/27/22 | 87.5 | $ 18.00 | $ 27.00 | $ 427.50 | $ 427.50 |
| 12/4/22 | 63.5 | $ 18.00 | $ 27.00 | $ 211.50 | $ 211.50 |
| 12/11/22 | 63.5 | $ 18.00 | $ 27.00 | $ 211.50 | $ 211.50 |
| 12/18/22 | 63.5 | $ 18.00 | $ 27.00 | $ 211.50 | $ 211.50 |
| 12/25/22 | 63.5 | $ 18.00 | $ 27.00 | $ 211.50 | $ 211.50 |
| 1/1/23 | 63.5 | $ 18.00 | $ 27.00 | $ - | $ - |
| 1/8/23 | 29 | $ 18.00 | $ 27.00 | | |
| | | | TOTAL | $ 8,752.50 | $ 8,752.50 |

**Employment Details**

Employment Period:
July 23, 2022 until January 8, 2023

Schedule:
From July until Nov. 29: 7 days per week from 10:00am to 11:00pm (with 30 min break) = 87.5 hours/week

From Nov 29 until Dec 29: Thursday through Saturday from 10am to 10pm, Monday from 10am to 4pm, Tuesday to Wednesday from 10am to 5pm, and Sunday 10am to 9pm (with 30 min break everyday) = 63.5 hours/week

# EXHIBIT C

# Law Offices of Jacob Aronauer

**INVOICE**

225 Broadway, 3rd Floor
New York, New York 10007
Phone: (212) 323-6980

Invoice # 256
Date: 08/01/2023
Due On: 08/31/2023

Maria Francisca Noj Sol
260 Colin Dr.
Shirley, New York 11967

## 00481-Noj Sol

## Noj Sol v. Lucharitos Center Moriches, Inc. et al

| Type | Date | Notes | Quantity | Rate | Total |
|------|------|-------|----------|------|-------|
| Service | 02/09/2023 | Paralegal Fees - Alicia: Intake | 0.30 | $175.00 | $52.50 |
| Service | 02/10/2023 | Paralegal Fees - Alicia: Research on the defendant | 0.34 | $175.00 | $59.50 |
| Service | 02/10/2023 | Paralegal Fees - Maria: Translating and sending out retainer to the client | 0.25 | $175.00 | $43.75 |
| Service | 02/10/2023 | Paralegal Fees - Alicia: Dropped off demand letter to FedEx - the client was informed | 0.20 | $175.00 | $35.00 |
| Service | 02/22/2023 | Paralegal Fees - Alicia: Call with the client and Jacob to talk about the damage calculations. Please see the notes. | 0.09 | $175.00 | $15.75 |
| Service | 02/28/2023 | Paralegal Fees - Alicia: Call with the client to let her know that we had a constructive call with the attorney for the restaurant. We asked him for some information pertaining to Maria's employment and he said he would get back to us. | 0.04 | $175.00 | $7.00 |
| Service | 03/15/2023 | Paralegal Fees - Alicia: Call with the client about FLSA collective | 0.15 | $175.00 | $26.25 |
| Service | 03/16/2023 | Paralegal Fees - Maria: Informed the client that the complaint was filed | 0.08 | $175.00 | $14.00 |
| Service | 03/16/2023 | Attorney Fees - Jacob: Edits to complaint; civil cover sheet; summons. | 0.45 | $445.00 | $200.25 |
| Service | 03/17/2023 | Paralegal Fees - Maria: Called the client to talk bout the check she received | 0.06 | $175.00 | $10.50 |
| Service | 03/22/2023 | Paralegal Fees - Alicia: Summons to serve the defendant were sent to Albany and ABC | 0.30 | $175.00 | $52.50 |
| Service | 04/04/2023 | Paralegal Fees - Maria: Client was informed that defendant retained an attorney | 0.09 | $175.00 | $15.75 |

Invoice # 256 - 08/01/2023

| Service | 04/17/2023 | Attorney Fees - Jacob: Call with Stiller. | 0.10 | $445.00 | $44.50 |
|---|---|---|---|---|---|
| Service | 05/18/2023 | Paralegal Fees - Maria: An update was provided to the client | 0.09 | $175.00 | $15.75 |
| Service | 05/18/2023 | Attorney Fees - Jacob: e-mail to Defendants about their client attempt to settle directly with my client. | 0.20 | $445.00 | $89.00 |
| Service | 05/30/2023 | Paralegal Fees - Maria: Phone call with Noj Sol and Jacob Aronauer to talk about email from Defendant's lawyer | 0.09 | $175.00 | $15.75 |
| Service | 06/05/2023 | Paralegal Fees - Maria: Call with Noj Sol to gather information for Conditional Certification | 0.20 | $175.00 | $35.00 |
| Service | 06/07/2023 | Attorney Fees - Jacob: Draft conditional certification papers. | 3.10 | $445.00 | $1,379.50 |
| Service | 06/07/2023 | Attorney Fees - Jacob: E-mail to opposing counsel about missing documents. | 0.05 | $445.00 | $22.25 |
| Service | 06/08/2023 | Paralegal Fees - Maria: Reviewed with the client the documents with payroll and timesheet data provided by the defendant | 1.00 | $175.00 | $175.00 |
| Service | 06/14/2023 | Paralegal Fees - Alicia: Call with the client and Jacob about the new offer, | 0.07 | $175.00 | $12.25 |
| Service | 06/14/2023 | Paralegal Fees - Alicia: Call with the client to go over text messages. Please see notes. | 0.20 | $175.00 | $35.00 |
| Service | 06/14/2023 | Paralegal Fees - Alicia: Call with the client and Jacob to get authority | 0.07 | $175.00 | $12.25 |
| Service | 06/15/2023 | Paralegal Fees - Maria: Client was informed of the new offer | 0.09 | $175.00 | $15.75 |
| Service | 06/15/2023 | Paralegal Fees - Maria: Client was informed of the new offer | 0.09 | $175.00 | $15.75 |
| Service | 06/15/2023 | Attorney Fees - Jacob: Settlement discussions. | 0.25 | $445.00 | $111.25 |
| Service | 06/16/2023 | Paralegal Fees - Maria: Worked on cover page, TOC and TOA for the Memo of Law for the default judgement | 0.20 | $175.00 | $35.00 |
| Service | 06/20/2023 | Paralegal Fees - Nicolas: Drafted FLSA/NYLL settlement agreement | 1.92 | $175.00 | $336.00 |
| Service | 06/28/2023 | Paralegal Fees - Nicolas: reviewed settlement agreement | 0.50 | $175.00 | $87.50 |
| Service | 06/28/2023 | Paralegal Fees - Alicia: Call with Jacob and the client about her SSN. | 0.09 | $175.00 | $15.75 |
| Service | 07/18/2023 | Attorney Fees - Jacob: Review agreement/edits to agreement. | 0.86 | $445.00 | $382.70 |

Invoice # 256 - 08/01/2023

| Service | 07/19/2023 | Paralegal Fees - Nicolas: Settlement Approval Letter | 4.00 | $175.00 | $700.00 |
| Service | 07/31/2023 | Paralegal Fees - Maria: Translated both the settlement agreement for overtime and the on for discrimination | 1.00 | $175.00 | $175.00 |
| Service | 07/31/2023 | Paralegal Fees - Maria: Call with the client to discuss the agreements | 0.19 | $175.00 | $33.25 |
| Service | 08/01/2023 | Attorney Fees - Jacob: Edits to Cheeks letter. | 0.45 | $445.00 | $200.25 |
| | | | | **Total** | **$4,477.20** |

## Detailed Statement of Account

### Current Invoice

| Invoice Number | Due On | Amount Due | Payments Received | Balance Due |
|---|---|---|---|---|
| 256 | 08/31/2023 | $4,477.20 | $0.00 | $4,477.20 |
| | | | **Outstanding Balance** | **$4,477.20** |
| | | | **Total Amount Outstanding** | **$4,477.20** |

Please make all amounts payable to: Law Offices of Jacob Aronauer

Please pay within 30 days.